William **BASHAM** and Norma Basham, Plaintiffs,

v.

Rocco **FREDA**, Director of Section Eight Housing of Hillsborough County, Florida;

Kevin **McConnell**, Director of Department of Housing Standards and Enforcement of Hillsborough County, Florida;

and

Frederick **Karl**, Administrator of Hillsborough County, Florida, Defendants.

No. 92–1210–CIV–T–17C.

United States District Court, M.D. Florida, Tampa Division.

Sept. 18, 1992.

Emergency Motion for Rehearing Denied Oct. 14, 1992.

---

C. Martin Lawyer, III, Bay Area Legal Services, Inc., Tampa, Fla., for plaintiffs.

John J. Dingfelder, Hillsborough County Atty.'s Office, Mary Helen Campbell, Fred Karl Legal Center, Tampa, Fla., for defendants.

## ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION

KOVACHEVICH, District Judge.

This cause is before the Court upon Plaintiffs' Motion and Memorandum for Preliminary Injunction filed August 25, 1992 and Defendants' Response to Plaintiffs' Motion for a Preliminary Injunction filed September 4, 1992. Based upon Plaintiffs' Motion and Memorandum for Preliminary Injunction, Defendants' Response to Plaintiffs' Motion for a Preliminary Injunction and oral argument before this Court on September 9, 1992, this Court finds that Plaintiffs' Motion for Preliminary Injunction should be denied. Although this Court finds that Plaintiffs have met their burden as to irreparable injury, potential harm to Defendants and public interest, the undersigned finds that Plaintiffs have not persuaded as to their substantial likelihood of success on the merits.

## I. FACTS

Plaintiffs received certification for housing assistance benefits from the Hillsborough County Housing and Community Development Department (the "Department"), as a participant in the Section 8 Housing Assistance Program (the Program). The Program was established by Congress in 1974 through Title II, Section 201(a), of the Housing and Community Development Act of 1974, and codified at 42 U.S.C. § 1437f, Section 8 of the United States Housing Act of 1937. Under 24 C.F.R. § 882.210(d), the Department may terminate the Section 8 Certification for any of these three grounds: 1) fraud; 2) violation of 24 C.F.R. § 882.118 "Obligations of the Family"; or 3) breach of a repayment agreement between the family and the Department. The family obligation under § 882.118 that is relevant to this case is the obligation to supply information to the Department, including annual or interim family income.

On November 12, 1991, Plaintiffs applied for and were granted a Section 8 Housing Certificate. Prior to the Department's proposed termination of Section 8 Certification, Plaintiffs acknowledged their duty to disclose changes in income by twice signing a document titled "Important Notice to Section 8 Applicants and Tenants of Hillsborough County Housing Assistance", signing a "Tenant Responsibilities" document, attendance at a Section 8 orientation program, as well as two warnings from Department representatives in January and April of 1992. Further, Plaintiffs again acknowledged this obligation in writing on April 17, 1992.

On June 4, 1992, Plaintiffs were informed via letter of the proposed termination of their Section 8 Certification for their failure to report income. This letter also informed Plaintiffs of their right to request an informal hearing in writing within ten days, pursuant to 24 C.F.R. § 882.216(b)(4). Accordingly, Plaintiffs were granted two informal hearings. The

first informal hearing occurred on June 23, 1992 and the second informal hearing occurred on July 17, 1992. Based on these informal hearings, the Department upheld the decision to terminate Section 8 Certification and Plaintiffs were informed thereof via letter dated July 23, 1992.

## II. STANDARD FOR GRANTING A PRELIMINARY INJUNCTION

A preliminary injunction authorized by Rule 65, Fed.R.Civ.P. is not granted as a matter of right, but is a extraordinary remedy and must be sparingly granted. *Black & Decker Corp. v. American Standard, Inc.*, 679 F.Supp. 1183 (D.Del. 1988). The issuance of a preliminary injunction falls within the sound discretion of a district court. *Frio Ice, S.A. v. Sunfruit, Inc.*, 918 F.2d 154, 159 (11th Cir.1990). A district court should grant a preliminary injunction only if the moving party clearly shows: a substantial likelihood that the moving party will prevail on the merits; that they will suffer irreparable injury if an injunction is not issued; that the potential injury outweighs the possible harm to the opposing party; and that the injunction would not be adverse to the public interest. *Id.* at 159. Further, since an injunction is an extraordinary and drastic remedy, it will not be granted unless the movant clearly carries the burden of persuasion as to all four prerequisites. *United States v. Jefferson County*, 720 F.2d 1511, 1519 (11th Cir.1983).

Plaintiffs have met their burden as to every element except the substantial likelihood of success on the merits. First, Plaintiffs have demonstrated irreparable injury in that a denial of this motion could render them homeless. Defendants' contention that this Court should "assume" that Plaintiffs will move in with their grandmother is misplaced. Second, there is no potential harm to Defendants if this injunction is granted, because the Department demonstrated no harm to itself if ordered to reinstate Section 8 Certification to Plaintiffs.

Third, the public interest is in the proper administration of the Program. This Court finds that there is a great public interest in guaranteeing that those in financial need are not unreasonably terminated from public assistance benefits. However, the Court recognizes that Defendants also have an obligation to the public at large to maintain the proper administration of the Program. Consequently, in addition to the public interest in the reasonable termination of public assistance benefits, there is a great public interest in providing Section 8 housing benefits to other needy individuals who desire it and would use it in a lawful manner, if Plaintiffs were properly terminated from the Program. This is not sufficient to find that this factor weighs in favor of Defendants, but it has been considered by the Court.

Further, this Court finds that Plaintiffs have not met their burden of persuasion as to the likelihood of success on the merits. This Court's review indicates that the Department complied with all C.F.R. regulations regarding the termination of Plaintiffs' Section 8 certification; the Department complied with the Supreme Court's procedural due process requirements regarding an informal hearing; and Judge Castagna's granting of a preliminary injunction in a case similar to this one can be distinguished.

Plaintiffs contend that they reported their change in employment and income in a timely fashion, and thus, the Department's reliance on Plaintiffs failure to meet their "Family Obligations" is pre-textual. Plaintiffs further contend that the Department's real motive for termination is because they are "morally unworthy" of Section 8 participation. This motive is evident, Plaintiffs contend, from the fact that the Department erroneously told Plaintiffs that their Section 8 Certification would be terminated if they were evicted from their apartment; thus, they improperly applied 24 C.F.R. § 882.118(a)(1) "Family Obligations" as grounds for the termination of Plaintiffs' Section 8 Certification. (i.e. the failure to disclose changes in income).

Defendants contend that Plaintiffs cannot establish a substantial likelihood of success on the merits of their case; that Plain-

tiffs disregarded federal and local regulations and failed to report changes in income, despite signing several documents acknowledging this duty; and that Plaintiffs failed to report changes in their income after receiving a "second chance". Consequently, they would assert that Plaintiffs fraudulently concealed these changes in income from the Department until June 1, 1992. Thus, Defendants claim that Plaintiffs' argument that the Department wrongfully terminated the Section 8 Certification for their violation of 24 C.F.R. § 882.118(a)(1) is misplaced, and that the Section 8 Certification was terminated for fraud, as authorized under § 882.210.

Defendants also contend that Plaintiffs were afforded the right to two informal hearings prior to the termination of their Section 8 Certification. Plaintiffs were notified on June 4, 1992 that the Certification was being withdrawn and that they had a right to a hearing. Further, this notice specifically stated that the benefits would not cease until July 1, 1992.

In addition, Defendants contend that the Department's hearing procedures fully complied with applicable due process requirements. The Supreme Court has established the requirements for due process in the termination of public assistance as follows: 1) timely and adequate notice giving reasons for termination; 2) opportunity to appear at the hearing and to present evidence and question witnesses; 3) the right to representation by counsel; 4) the right to an impartial decision maker; 5) the right to have the decision based on rules of law and evidence presented at the hearing; and 6) the right to a written decision by the decision maker outlining the reasons for the decision. *Goldberg v. Kelly*, 397 U.S. 254, 267–71, 90 S.Ct. 1011, 1020–22, 25 L.Ed.2d 287 (1970). This standard has been applied to Section 8 Certification programs. *See e.g. Ferguson v. Metropolitan Development & Housing Agency*, 485 F.Supp. 517 (M.D.Tenn.1980). Defendants contend that the Department's practice and procedures met the *Goldberg* test.

A. *The Department's compliance with C.F.R. Regulations.*

The Department contends Plaintiffs' certification was terminated pursuant to 24 C.F.R. § 882.210 which provides in pertinent part:

(a) This section states the grounds for denial of assistance to an applicant, or for denial or termination of assistance to a participant, because of action or inaction by the applicant or participant.

. (d) In the following cases, the [Public Housing Authority] PHA may terminate housing assistance payments which are being made on behalf of the participant under an outstanding contract:

(1) If the participant has committed any fraud in connection with any federal housing assistance program.

(2) If the participant has violated any family Obligation under the Section 8 Existing Housing Program as stated in § 882.118.

Defendants contend that the Department based the decision to terminate the Section 8 certification for fraudulently concealing changes in income. Although Plaintiffs contend that the reliance on their failure to disclose changes in income is pre-textual, the Department was authorized by either § 882.210(d)(1) or (2) to terminate Plaintiffs' certification. Thus, the Department had two grounds for termination of public housing assistance benefits under 24 C.F.R. § 882.210(d), at the time of their termination.

B. *Plaintiffs were provided procedural due process of law.*

Plaintiffs were notified of their right to an informal hearing at the same time they were notified of the Department's decision to terminate their Section 8 Certification. Plaintiffs were subsequently granted two informal hearings. 24 C.F.R. § 882.216 provides for due process of law by informal review or hearing. This section provides in pertinent part:

(b)(1) *Informal hearing on PHA decision affecting participant Family.*

(ii) *A decision to deny or terminate assistance on behalf of the participant.*

(3)(1) The PHA shall give the participant prompt written notice of a decision described in paragraph (b)(1)(ii) or (iii) of this section. The notice shall contain a brief statement of the reason for the decision. The notice shall state that, if the participant does not agree with the decision, the participant may request an informal hearing on the decision, and shall also state the time by which the request for an informal hearing must be made by the participant.

(4) IF the PHA has decided to terminate housing assistance payments on behalf of a participant under an Outstanding Contract (and if the PHA is required to give the participant an informal hearing on the decision), the participant shall be afforded the opportunity for such informal hearing before the termination of housing assistance payments.

The Department's Section 8 Administrative Plan complies with these C.F.R. requirements. (see Plaintiffs' Exhibit #1). Further, the Department's handling of Plaintiffs' case complied with both the Administrative Plan and the C.F.R. requirements. Plaintiffs were notified of the Department's decision to terminate their Section 8 Certification for their failure to disclose changes in income via letter dated June 4, 1992. This letter contained a brief statement why their public assistance benefits were being terminated and notified them of their right to an informal hearing on the decision. This letter further provided that any request for an informal decision must be made in writing within ten working days. (see Plaintiffs' Exhibit #2).

Further, the Department's procedures comply with the Supreme Court's requirements for procedural due process of law. Plaintiffs were afforded the right to an informal hearing prior to the termination of the Section 8 Certification. *Goldberg v. Kelly*, 397 U.S. 254, 261, 90 S.Ct. 1011, 1016, 25 L.Ed.2d 287 (1970) (due process requires an adequate hearing before the termination of welfare benefits). The sole function of this hearing is to produce an initial determination of the validity of the welfare department's grounds for discontinuance of payments in order to protect a recipient against an erroneous termination of benefits. *Id.* at 267, 90 S.Ct. at 1020. Further, in *Goldberg*, the Supreme Court found a violation of procedural due process because the termination notice provided to the welfare recipients denied them the opportunity to personally confront and cross-examine the witnesses relied on by the department to propose termination of the welfare benefits. *Id.* at 276, 90 S.Ct. at 1024. There was no such denial in the case sub judice.

The *Goldberg* requirements have also been applied to Section 8 Certification programs. In *Ferguson v. Metropolitan Development & Housing Agency*, 485 F.Supp. 517, 527 (M.D.Tenn.1980), the district court applied the *Goldberg* analysis and held that the termination of Section 8 Certification without a pretermination hearing constitutes state action depriving the plaintiff of an essential interest protected by the Due Process Clause of the Fourteenth Amendment. In *Ferguson*, the Metropolitan Development & Housing Agency (MDHA) notified the plaintiff that Section 8 Certification would be terminated due to a prior debt owed to MDHA and that she would no longer receive the housing assistance benefits as of April 30, 1978. *Id.* at 518. However, the MDHA did not provide the plaintiff the opportunity to confront the department in an informal hearing prior to April 30, 1978. *Id.*

In the case sub judice, the Department's informal hearing procedures comply with the *Goldberg* standard. The Department provided Plaintiffs notice of the proposed termination and their right to request an informal hearing. Plaintiffs requested and were granted an informal hearing that took place on June 23, 1992. At the request of Plaintiffs' attorney, the Department provided them with another informal hearing on July 17, 1992. At both of these hearings, Plaintiffs were provided the opportunity to personally confront and cross-examine the Department and their witnesses. Further, at the second hearing, Plaintiffs' counsel was afforded this same opportunity. Accordingly, the Department complied with their procedural due process requirements.

### C. *Plaintiffs' reliance on Rojas v. Freda*

Plaintiffs' reliance on Judge Castagna's Order granting a Preliminary Injunction in *Rojas v. Freda,* Case No. 89–1177–Civ–T–15(B) is misplaced. Although the facts giving rise to that preliminary injunction and ultimate settlement are similar to the facts in the case sub judice, they are critically distinct. In *Rojas,* as in the present case, the plaintiff claimed that the Department's termination of Section 8 Certification for the failure to report changes in income was a mere pretext for a hidden motive. The Department originally notified Rojas that her Section 8 Certification was being terminated due to alleged police disturbances (plaintiff's Exhibit # 1). The Department later changed this basis to the failure to report changes in income. Rojas contended that the subsequent basis was a mere pretext for the decision to terminate her Section 8 Certification for the alleged police disturbances, which is not a basis for termination 24 C.F.R. § 882.210(d).

In the case sub judice, Plaintiffs also claim that the Department's grounds for terminating their Section 8 Certification is a mere pretext for the Department's belief that they are "morally unworthy" of Section 8 participation (Plaintiffs' Motion and Memorandum for Preliminary Injunction Docket # 5). However, the Department specifically stated in its letter dated June 4, 1992 that the Section 8 Certificate was being withdrawn because of Plaintiffs failure to meet their Family Obligations under 24 C.F.R. Ch. 8 in that they were both "gainfully employed and reported only unemployment compensation." The Department now contends that the failure to meet these obligations also constitutes fraud (Defendants' Response to Plaintiffs' Motion and Memorandum for a Preliminary Injunction Docket # 12). Thus, unlike *Rojas,* both grounds for termination proffered by the Department constitute grounds for the termination of Section 8 Certification under 24 C.F.R. § 882.210(d). This regulation authorized the Department to terminate Section 8 Certification for the failure to report changes in income or fraud.

Therefore, this Court finds that, although Plaintiffs have met their burden as to irreparable injury, potential harm to Defendants and public interest, Plaintiffs have not prevailed on the matter of their substantial likelihood of success on the merits. Accordingly, it is

ORDERED that Plaintiffs' Motion for a Preliminary Injunction be denied.

DONE and ORDERED.

### ORDER DENYING PLAINTIFFS' EMERGENCY MOTION FOR REHEARING

■ This cause is before the Court upon Plaintiffs' Emergency Motion for Rehearing of Order Denying Motion for Preliminary Injunction. (Docket # 14) Although the Court finds that the Emergency Motion raises no new issues for review and that Plaintiffs' emergency contentions were fully considered by this Court prior to issuing its Order, it will clarify its findings. However, this Court denies Plaintiffs' motion.

### A. *Defendants failed to prove Plaintiffs fraudulently concealed income.*

Plaintiffs contend that in order to establish a substantial likelihood of success on the merits, they need only show that it is likely that Defendants have not met their burden of proof in establishing that one of the specified grounds for disqualification of Section 8 Certification, pursuant to 24 C.F.R. § 882.210(d), exist. Consequently, once Plaintiffs raise the issue of an improper disqualification, they argue that the burden shifts to Defendants to prove they committed a fraud and that it is not necessary for them to prove they did not commit the fraud at the administrative hearings.

Plaintiffs further contend that Defendants specifically disavowed any basis other than fraud for terminating Section 8 Certification pursuant to 24 C.F.R. § 882.210(d). Therefore, that the Court incorrectly relied upon 24 C.F.R. § 882.210(d)(2) "Family Obligations" as the basis for finding that Plaintiffs have not established the substantial likelihood of success on the merits.

Also, Plaintiffs contend that Mrs. Basham's un-rebutted sworn statements are entitled to credibility because the Court did not take any live testimony at the September 9 hearing. Mrs. Basham stated that it was she who voluntarily delivered the letter to Defendants which revealed Plaintiffs' April and May 1992 income. Accordingly, Plaintiffs contend that Defendants relied upon this information as the only income upon which to base their fraud determination. Consequently, that Defendants based their determination of fraud solely upon Mrs. Basham's letter.

Further, Plaintiffs contend that Defendants erroneously based their fraud determination on County's own 14-day reporting requirement. However, Plaintiffs contend that the failure to report income within 14 days does not equal fraud. Plaintiffs assert that this omission may have been negligent or even grossly negligent, but it certainly does not rise to the level of fraud. Plaintiffs assert that there is no authority for the proposition that failure to report income within 14 days constitutes fraud under either 42 U.S.C. § 1437f or 24 C.F.R. § 882.210(d).

Consequently, Plaintiffs contend that Defendants' attempt to use an un-rebuttable presumption that a 14 day reporting omission constitutes fraud violates the substantive due process rights of Section 8 participants. Plaintiffs assert that this presumption violates substantive due process because it does not bear a reasonable relationship to the legislative objective at issue. Plaintiffs contend that the means lack a reasonable relationship to the legislative objective because it effects a deprivation of a federal entitlement for non-fraudulent and fraudulent conduct alike.

Plaintiffs' contentions regard this Court's finding that Plaintiffs failed to meet their burden of establishing a substantial likelihood of success upon the merits. This Court found that Plaintiffs could not establish this element because of the evidence indicating Plaintiffs' fraud. Further, Plaintiffs' contention that this Court based its determination solely upon Plaintiffs failure to report changes in income

within 14 days and the Plaintiffs' own voluntary disclosure of changes after this 14 day period expired is misplaced.

First, the Court finds that Defendants based their decision to terminate Plaintiffs' Section 8 Certification on fraud pursuant to 24 C.F.R. § 882.210(d)(1). However, Defendants contend that Plaintiffs defrauded the Hillsborough County Housing and Community Development Department (the "Department") by their failure to report changes in income pursuant to 24 C.F.R. § 882.118. Therefore, as this Court noted in its Order Denying Motion for Preliminary Injunction (Docket # 14), "the Department had two grounds for termination of public housing assistance benefits under 24 C.F.R. § 882.210(d)."

Further, Plaintiffs' contention that Defendants disavowed all grounds for termination except fraud is misplaced. In Defendants' Response to Plaintiffs' Motion for a Preliminary Injunction (Docket # 12), Defendants simply assert that Plaintiffs' Section 8 Certification was terminated for fraud and that Plaintiffs' reliance on the "Family Obligations" was incorrect. Defendants' contention does not preclude the Court from finding that the failure to report changes in income pursuant to these "Family Obligations" is a ground for termination of public housing benefits. However, this Court considered fraud as the grounds for termination in determining Plaintiffs could not prove a substantial likelihood of success on the merits.

Last, Plaintiffs' contention that they were denied substantive due process is without merit. This contention is based upon the assertion that Plaintiffs' Section 8 Certification was terminated solely for their failure to report changes in income within 14 days. This Court finds that it does not need to address whether this 14 day reporting period constitutes an unconstitutional presumption because Plaintiffs' Section 8 Certification was not terminated solely upon their failure to report changes in income within this period.

This Court finds that Plaintiffs' Section 8 Certification was terminated for their repeated failure to report income. Pursuant

to Lynda Triplett's sworn affidavit, the decision to terminate Plaintiffs' certification was "because the file showed conclusively that Plaintiffs were aware of a duty to disclose income, had failed to disclose in the past, had been given a second chance, and again concealed income." (Notice of Filing Materials in Opposition to Motion for Preliminary Injunction, Docket # 8; Exhibit # 4) Accordingly, Plaintiffs' contention that they were denied substantive due process due to the termination of their public housing benefits for the failure to report income within 14 days alone is misplaced.

B. *Plaintiffs were denied the minimum guaranties of 24 C.F.R. § 882.216 and the 14th Amendment in upholding the Housing Counselor's decision to terminate the Section 8 Certificate.*

Plaintiffs also contend that the Court did not resolve the issue of compliance with 24 C.F.R. § 882.216(b)(6)(1), as to Defendant Freda having been the one who conducted the informal administrative hearings. Plaintiffs assert that contrary to this regulation, Freda was "a person who made or approved the decision under review." Plaintiffs base this assertion upon Mrs. Basham's affidavit which contains un-rebutted evidence that Don Shea is Freda's assistant and that Shea had substantial involvement in the case and the decision.

Further, Plaintiffs contend that Defendants have offered no proof that Shea is not Freda's assistant or denied Mrs. Basham's testimony as to Shea's substantial, direct involvement in Plaintiffs' case. This involvement included Shea coming into the County office on Saturday, May 23, 1992, and typing a memo to the file indicating an intent to minimize Plaintiffs' entitlement to Section 8 benefits. Therefore, Plaintiffs contend that to find Freda was not "a person who made or approved the decision under review", one must rely upon the inherently unbelievable evidentiary premise that an assistant does not report his daily activities to his supervisor for review and approval.

Consequently, although the Court discussed Defendants' compliance with

*Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970), Plaintiffs contend the Court did not specifically address this case's requirement that the decision maker be impartial. Plaintiffs assert that the transcript of the first informal hearing reveals prejudicial and prosecutorial misconduct by Freda in conducting the hearing. They assert that during this hearing, Freda made several statements evidencing the fact that he was a partial hearing officer. Plaintiffs argue that these statements indicate Freda prejudged the merits, relied upon rumors and required Plaintiffs to disprove his pre-judged conclusion.

This Court found in its Order Denying Motion for Preliminary Injunction (Docket # 14) that Plaintiffs were not denied the minimum guaranties of 24 C.F.R. § 882.266(b)(6)(i) or the 14th Amendment. Section 882.266(b)(6)(i) simply requires that the informal hearing be conducted by anyone other than a person who made or approved the decision under review. Plaintiffs contend that Freda cannot conduct the informal hearing because he supervises all the counselors and that his assistant, Don Shea was substantially and directly involved in the case.

However, both Freda's and Triplett's Affidavits state that the decision to terminate Plaintiffs' Section 8 Certification was made solely by Ms. Triplett. (Notice of Filing Materials in Opposition to Motion for Preliminary Injunction, Docket # 8; Exhibits 1 and 4) Consequently, this Court found that neither Shea nor Freda had any involvement in the decision to terminate the public benefits. The sworn affidavits of both Freda and Triplett indicate that Triplett alone, made the decision to terminate Plaintiffs' Section 8 Certification. Thus, Freda was an impartial hearing master because he was not "a person who made or approved the decision under review."

Plaintiffs also contend that Freda approved the decision to terminate the Plaintiffs' Section 8 Certification because Shea had substantial and direct involvement in the case. However, the fault with this contention is that Shea did not make the decision to terminate assistance; this deci-

sion was made solely by Triplett. Thus, it is impossible to infer that Freda approved the decision of his assistant to terminate the assistance because his assistant, Shea, did not make that decision. Therefore, Freda did not approve of the decision to terminate Plaintiffs' Section 8 Certification until two impartial hearings were conducted.

Further, Plaintiffs were not denied an impartial hearing based upon statements made by Freda during the hearings. Plaintiffs rely upon the statement made by Freda that "Yeah, because there was some rumor about payments being made under the table." (Notice of Filing Materials in Opposition to Motion For Preliminary Injunction, Docket # 8; Exhibit 4, Page 11–12) Plaintiffs assert that Freda pre-judged the merits based upon rumor and required Plaintiffs to disprove his conclusion.

However, this statement is clearly taken out of context. The transcript of the hearing also documents Freda's subsequent statement that "Okay. Well, I have to review the File. And, in order to make a decision, I go by the facts in the File." (Notice of Filing Materials in Opposition to Motion For Preliminary Injunction, Docket # 8; Exhibit 4, Page 12) Consequently, the Plaintiffs' focus on one statement in the transcript of the hearing does not indicate that Freda prejudged the merits of the case based upon rumor. A review of the transcript clearly indicates that Freda based his decision to approve Ms. Triplett's decision to terminate assistance upon the facts of the case in the case file. Accordingly, Plaintiffs were afforded an impartial hearing officer.

Accordingly, it is

ORDERED Plaintiffs' Emergency Motion for Rehearing of Order Denying Motion for Preliminary Injunction be denied.

DONE and ORDERED.